**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CLIFFORD J. SCHUETT,

    Plaintiff,

    v.

CEO-CCA-CORRECTIONAL CORPORATION OF AMERICA et al.,

    Defendants.

2:14-cv-1431-JAD-PAL

**ORDER**

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Federal Bureau of Prisons, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 2). Plaintiff originally filed his case in the United States District Court for the Western District of Tennessee and used the forms for that district. (*See* ECF No. 1, 2). On September 2, 2014, the Western District of Tennessee transferred the case to this Court. (ECF No. 3).

Plaintiff's application to proceed *in forma pauperis* is incomplete. Pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed *in forma pauperis* on this Court's approved form and attach both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has not submitted an *in forma pauperis* application on this Court's approved form and has not submitted a financial certificate or an inmate account statement.[1] (*See* ECF No. 2). As such, the *in forma*

---

[1] The Court acknowledges that Plaintiff attached a letter to his Western District of Tennessee application to proceed *in forma pauperis* stating that the prison would not provide him a financial certificate because he was suing them. (ECF No. 2-1 at 1). The Court directs Plaintiff to submit a completed application to proceed *in forma pauperis* on this Court's approved form and provide an affidavit detailing his attempts to acquire an inmate account

*pauperis* application is denied without prejudice. The Court will retain Plaintiff's civil rights complaint (ECF No. 1), but will not file it until the matter of the payment of the filing fee is resolved. Plaintiff will be granted an opportunity to cure the deficiencies of his application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If Plaintiff chooses to file a new application to proceed *in forma pauperis* he must file a fully complete application to proceed *in forma pauperis*.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED without prejudice to file a new application.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL SEND Plaintiff the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that within **thirty (30) days** from the date of this order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

IT IS FURTHER ORDERED that the Clerk of the Court shall retain the complaint (ECF No. 1), but shall not file it at this time.

DATED: This 10th day of September, 2014.

_____
United States Magistrate Judge

---

statement and a properly executed financial certificate from the prison and the names and actions of the prison officials who allegedly are denying his ability to acquire those documents.