# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD J. SCHUETT,<br><br>                    Plaintiff,<br><br>v.<br><br>CEO-CCA-CORRECTIONAL CORPORATION OF AMERICA et al.,<br><br>                    Defendants. | Case No.  2:14-cv-1431-JAD-PAL<br><br>**Screening Order** |

Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), who has submitted a civil rights complaint purportedly under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis,* a motion for appointment of counsel, a motion for an order granting a subpoena of evidence, a motion for preliminary injunction, a motion for temporary restraining order, a motion for protective order, a motion to compel, and a motion to petition.  Docs. 1, 7, 8, 9, 11, 12, 14, 15, 16.  The court now screens plaintiff's civil rights complaint in accordance with 28 U.S.C. § 1915A and adjudicates all pending motions.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. PROC. 12(b)(6).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as

claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     SCREENING OF THE COMPLAINT

In the complaint, plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada. Doc. 1 at 2. Plaintiff sues defendants CEO-CCA-Correctional Corporation of America and Warden Collins. *Id.* at 2. Plaintiff alleges one claim and seeks millions of dollars in monetary damages. *Id.* at 2, 5.

The complaint alleges the following: On June 25, 2014, Plaintiff was incarcerated at NSDC. *Id.* at 2. Plaintiff is a paraplegic paralyzed from the waist down and is confined to a wheelchair. *Id.* Plaintiff is housed in a dormitory at the prison and is required to sleep in a metal bunk bed that has no safety devices. *Id.* at 2-3. Plaintiff has to move from his wheelchair to the bed, but the bed has no hand holds or safety bars. *Id.* at 3. Plaintiff has no use of his legs, and his right arm is partially paralyzed. *Id.* Over a 30-day period, Plaintiff has fallen five times while trying to transfer himself from his wheelchair to his bed. *Id.* He has had three injuries from those falls including damages to his right shoulder. *Id.* Plaintiff has written four grievances to Collins to get his bed fixed with a safety bar, but the warden has refused. *Id.* Plaintiff's life is in danger with the unsafe bed, and defendants have been deliberately indifferent and negligent. *Id.* Defendants did supply plaintiff with another inmate as a helper, but plaintiff claims she is never around to help. *Id.* at 4.

As an initial matter, the court construes the complaint as seeking relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could

be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts." *Butz v. Economou*, 438 U.S. 478, 486 (1978).

NSDC is a facility owned and operated by Corrections Corporation of America pursuant to an agreement with the BOP. In *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme Court declined to extend *Bivens* to permit recovery against a private corporation operating a halfway house under contract with the BOP. *Id.* at 63. The Supreme Court declined to recognize a federal remedy at law for alleged constitutional deprivations committed by private entities acting under color of federal law. *Id.* at 66. Thus, plaintiff cannot state a civil-rights claim against CEO-CCA-Correctional Corporation of America. The court dismisses all claims against defendant CEO-CCA-Correctional Corporation of America with prejudice, as the failure of these claims as a matter of law renders amendment futile.

The Supreme Court has also recognized that a prisoner cannot bring a *Bivens* action against an employee of a private entity to recover for damages for an alleged Eighth Amendment violation. *Minneci v. Pollard*, __ U.S. __, 132 S.Ct. 617, 626 (2012). In *Minneci*, the Supreme Court held that:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . , the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* Accordingly, the court dismisses all claims against defendant Collins with prejudice from this case, as the legal invalidity of this theory renders amendment futile. As all claims have now been dismissed, this case must be dismissed.

### III.   MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion for preliminary injunction, a motion for temporary restraining order, a motion for protective order, a motion to compel, and a motion to petition. *Doc.* 11, 12, 14, 15, 16. In the motions for preliminary inunction and temporary restraining

order,[1] plaintiff states that he is 100% blind in his left eye and 40% blind in his right eye due to cataracts. *Doc.* 11 at 1. Plaintiff states that the U.S. Marshals refuse to permit him to have cataracts surgery and, as a result, he will be "totally blind" shortly. *Id.* Plaintiff seeks a protective order against defendants to prevent them from placing his life in danger through deliberate indifference and negligence. *Id.* at 2. He further alleges that on September 2, 2014, defendants made him wear shackles on his lower legs even though he has no circulation in his legs and his skin is paper-thin. *Id.* The shackles cut into his legs and left wounds open to infection. *Id.* Plaintiff also contends that he is housed in a cell block where defendants lock the cell doors when inmates are at free time or meals, preventing him from returning to his cell to use the toilet and forcing him to urinate in his pants. *Id.* Plaintiff seeks protection from defendants, immediate removal from their custody, and total removal from the facility. *Id.*

In the motion for protective order, plaintiff accuses a child-molester inmate of breaking the only handicap toilet, thus forcing plaintiff to use the non-handicap bathroom that lacks hand rails. Doc. 14 at 2. Plaintiff wants this court to move him to a different cell because he does not want to be housed near child molesters. *Id.* at 2-3. By his motion to compel, plaintiff seeks an order directing defendants to stop tampering with his legal mail and an award of monetary damages. Doc. 15 at 1-2. By the motion to petition, plaintiff wants to be moved out of the dormitory that houses child molesters. Doc. 16 at 2.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn,"

---

[1] These motions are identical. For discussion purposes, the court will cite to the motion for preliminary injunction.

must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The dismissal of this case based on the court's conclusion that plaintiff has not stated any viable claim precludes plaintiff from succeeding on the merits of his claims. Moreover, in the motions for preliminary injunction and temporary restraining order, plaintiff ultimately seeks release from prison. That relief—and this challenge to his confinement—must be sought through federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Accordingly, the motions for preliminary injunction, for temporary restraining order, for protective order, to compel, and to petition are denied. Docs. 11, 12, 14, 15, 16.

### IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also moves for the appointment of counsel. Doc. 8. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). 28 U.S.C. § 1915(e)(1) permits the court to "request an attorney to represent any person unable to afford counsel," but the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* This case does not present exceptional circumstances that warrant the appointment of counsel. The court thus denies the motion for appointment of counsel.

### V. MOTION FOR ORDER GRANTING SUBPOENA OF EVIDENCE

As this case is dismissed, the court denies the motion to subpoena defendants for evidence. Doc. 9.

### VI. CONCLUSION

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that:

- The Clerk of the Court shall **file the complaint (Doc. 1)**.

- The **complaint is dismissed** in its entirety with prejudice.
- The application to proceed *in forma pauperis* **(Doc. 7) is DENIED** as moot.
- The motion for appointment of counsel **(Doc. 8) is DENIED**.
- The motion for an order granting a subpoena of evidence **(Doc. 9) is DENIED**.
- The motion for preliminary injunction **(Doc. 11) is DENIED**.
- The motion for temporary restraining order **(Doc. 12) is DENIED**.
- The motion for protective order **(Doc. 14) is DENIED**.
- The motion to compel **(Doc. 15) is DENIED**.
- The motion to petition **(Doc. 16) is DENIED**.

This court certifies that any *in forma pauperis* appeal from this order would **not** be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of the Court shall enter judgment accordingly.

DATED this 3rd day of October, 2014.

_____
Jennifer Dorsey
United States District Judge